# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 586 | **DATE** | 2/27/2008 |
| **CASE TITLE** | Terrell Jones (#2007-0057770) v. Lt. Dahmen | | |

**DOCKET ENTRY TEXT:**

Plaintiff Terrell Jones's motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $3.40 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Cook County Department of Corrections. The claims against Sheriff Michael Sheahan are dismissed, and Sheahan is terminated as a defendant in this case The clerk is directed to issue summonses for service on the other defendants by the U.S. Marshal. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied without prejudice.

■ [**For further details see text below.**]     Docketing to mail notices.

## STATEMENT

      Plaintiff, Terrell Jones (#2007-0057770), currently in custody at the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff asserts that the defendants, Cook County Jail Officers Dahmen (Star number #188), Sgt Krauskopf (#895), and Correctional Officers Hawkins, Monroe, Harris, Phipps, Scott, Michas, and Diaz used excessive force against plaintiff on September 16, 2005, after plaintiff had been beaten by other inmates.

      Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $3.40. The trust fund officer at plaintiff's place of confinement is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. Plaintiff will remain responsible for this payment obligation, even if transferred to another facility, and the trust fund officer at the Cook County Jail shall notify authorities at any transferee facility of any remaining balance on the filing fee owed by plaintiff.
**(CONTINUED)**

isk

**STATEMENT (continued)**

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, even accepting plaintiff's allegations as true, the court finds that plaintiff has no federal cause of action with respect to Sheriff Michael Sheahan. Plaintiff alleges neither any personal involvement by this defendant nor a custom or policy rising to the level of a constitutional deprivation to support a claim against Sheahan in his official capacity. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Sheahan is therefore dismissed as a defendant, and he is terminated as a party to this action.

Plaintiff may proceed with his excessive force claims against the other defendants. Although a more fully developed record may establish that plaintiff's claims are without merit, the remaining defendants must respond to plaintiff's complaint.

The clerk shall issue summonses forthwith and send to plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the defendants, Cook County Jail Officers Lt. Dahmen (Star number #188), Sgt Krauskopf (#895), and Correctional Officers Hawkins, Monroe, Harris, Phipps, Scott, Michas, and Diaz. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve these defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former jail employees who no longer can be found at the work address provided by the plaintiff, Cook County Department of Corrections officials shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The court denies without prejudice plaintiff's motion for the appointment of counsel. Though civil litigants do not have a constitutional or statutory right to counsel, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1). However, plaintiff's case currently does not involve complex issues, complex discovery, or an evidentiary hearing, and plaintiff's complaint demonstrates his competence, at least at this stage of the proceeding, to present his claim adequately. Accordingly, the motion for counsel is denied at this time. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.