**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERRELL JONES, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 586 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | William T. Hart |
| LT. DAHMEN #188, SGT. KRAUSKOPF #895, | ) | |
| C/O HAWKINS, C/O MONROE, C/O HARRIS, | ) | |
| C/O PHIPPS, C/O SCOTT, C/O MICHAS, | ) | |
| C/O DIAZ, SHERIFF SHEAHAN, | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COME Defendants, Lt. Dahmen #188, Sgt. Krauskopf #895, C/O Michas, C/O Diaz, C/O Phipps, and C/O Scott[1] by their attorney, Richard A. Devine, State's Attorney of Cook County, through his Assistant Paul W. Groah, and pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, move this Honorable Court to dismiss the Plaintiff's Complaint for failure to state a claim upon which relief may be granted. In support thereof, Defendants states as follows:

**INTRODUCTION**

Plaintiff Terrell Jones, *pro se,* brings this action under the Civil Rights Act, Title 42 U.S.C. §1983 of the United States Code and challenges Defendants based on an incident arising out of his incarceration at the Cook County

---

[1] Though named in the caption, service has not been made as to Defendants Harris, Hawkins and Monroe. In the event they are served, they would assert and adopt the same argument(s) made on behalf of the co-defendants in this Memorandum of Law.

1

Department of Corrections ("CCDOC"). Plaintiff filed this original complaint on February 27, 2008, alleging that while he was a pre-trial detainee assigned to Division 11 at the CCDOC on September 16, 2005, several detainees attacked him. When officers arrived on the tier, Plaintiff alleges some of them also attacked him; perhaps not sure he was the victim. (Comp .p. 6a, 7) Plaintiff received medical attention for lacerations and puncture wounds to his hands, arms and shoulder area. (Plaintiff's complaint, attached as Exhibit A). Defendants bring the instant Motion to Dismiss since Plaintiff fails to state as claim upon which relief may be granted.

## **STANDARD OF REVIEW**

Under Rule 12(b) (6) a claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set off facts that could be proved consistent with the allegations." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989) (quoting *Hishon v. King and Spaulding,* 467 U.S. 69, 73 (1984)). In reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. *Gomez, v. Illinois State Board of Education*, 811 F.2d 1030 (7th Cir. 1987). The court should take the well-pleaded factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the Plaintiff. *Gutierrez v. Peters,* 111 f.3D 1364, 1369 (7TH Cir. 1997). However, it should be noted that 'litigants" may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." *Bennett v. Schmidt,* 153 .3d 516, 519 (7th Cir. 1998).

**PLAINTIFF'S § 1983 CLAIM AGAINST DEFENDANTS IS TIME BARRED**

The time limit for bringing an action under § 1983 is governed by state law and is drawn from the limitation period provided by the forum state's personal injury statute. *Wilson v. Garcia,* 471 U.S. 261, 279 (1985). Statute of limitations for § 1983 actions in Illinois is two years. *Dixon v. Chrans*, 986 F.2d 201, 203 (7th Cir. 1993).

Plaintiff's § 1983 claim against Defendants is time-barred by the application of the two-year statute of limitations period. The alleged wrongful actions of Defendants occurred on September 16, 2005. (Plaintiff's Comp. P.6 (a), line 1).

Accordingly, Plaintiff was obligated to file suit and name Defendants Dahmen, Krauskopf, Michas, Scott, Diaz, and Phipps as Defendants no later than September 16, 2007, two years after the incident he complaints of. Plaintiff filed the instant complaint on February 27, 2008. As such, his complaint as to these named and served Defendants is now time-barred. (*King v. One Unknown Federal Correctional Officer*, 201 F.3d 910 (7th Cir. 2000). Therefore, based on the aforementioned case law, Defendants respectfully request that Plaintiff's complaint be dismissed.

## CONCLUSION

For all the foregoing reasons, Defendants Lt. Dahmen, #188, Sgt. Krauskopf, # 895, C/O Michas, C/O Diaz, C/O Scott and C/O Phipps respectfully request that this Honorable Court dismiss Plaintiff's Complaint.

Respectfully submitted,

RICHARD A. DEVINE
State's Attorney of Cook County


*/s/Paul W. Groah*
Paul W. Groah
Assistant State's Attorney
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5147