## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judg | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0586 | **DATE** | 8/28/2008 |
| **CASE TITLE** | Terrell Jones (2007-0057770) v. Lt. Dahmen, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants Dahmen, Kranskopf, Michas, Diaz, Phipps, Scott, and Harris are given 30 days from the date of this order to submit a response to the complaint. The Clerk is directed to issue alias summonses for Cook County Jail Officers Monroe and Hawkins. The United States Marshal is again directed to serve these defendants with plaintiff's complaint. The clerk shall forward a copy of this order to the Cook County Department of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608.

■ [**For further details see text below.**]                                              Docketing to mail notices.

### STATEMENT

Defendants Dahmen, Kranskopf, Michas, Diaz, Phipps, and Scott have not responded to the complaint since the Court's June 4, 2008 order denying their motion to dismiss. Within 30 days of the date of this order, these defendants, and recently served defendant Harris, shall submit a response to the complaint.

The Clerk shall issue alias summonses for Cook County Jail Officers Monroe and Hawkins. The United States Marshal is again directed to serve these defendants with plaintiff's complaint. The Marshal is directed to make all reasonable efforts to serve these defendants, and may use the information provided in the complaint to locate them. Officials at Cook County Jail are directed to assist in locating these defendants, who the plaintiff indicates were assigned to Division 11 with the other defendant officers on September 16, 2005. If Officers Hawkins or Monroe no longer work at Cook County Jail, jail officials shall furnish the Marshal with the defendants' last-known address. The information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise); shall be retained only by the Marshal; and shall neither be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service for these defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If the Marshal is still unable to serve these defendants, and neither the plaintiff nor counsel for the other defendants are able to provide additional information for service of this defendant, *see Donald v. City of Chicago Sheriff*, 95 F.3d 548, 555-56 (7th Cir. 1996); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir.1995), these defendants may be dismissed from this suit. *See* Fed. R. Civ. P. 4(m).

isk